Anderson J.,

delivered the opinion of the court.
The information in this case charges that the plaintiff in error, who was not at the time a resident merchant or manufacturer of this State, did by sample, card, description, and other representation, offer to sell in the city of Alexandria, in the State of Virginia, wines, brandies, •goods, wares and merchandise, without having obtained the license therefor required by law. There was a demurrer to the information which was overruled. Then issue was joined upon a plea of not guilty; and upon this issue the defendant was found guilty and fined $200. •Hone of the facts are certified, and the only question raised by the record, is upon the demurrer to the information. Ho the facts which it avers constitute an of-fence against the commonwealth, for which an information lies?
The offence is charged to have been committed by a person who was not a resident merchant, mechanic or manufacturer. And the specific license tax on every such person was $100. Sess. acts of 1870-71, chap. 193, ;§ 20, p. 278. And by section 148 of chap. 72, Ibid. p. .113, it is. enacted that whenever a license shall be spe *937 cially required by law, and whenever the General Assembly shall levy a license tax on any business, &c., it shall be unlawful to engage in such business, &c., without a license. The tax, it will be perceived, is levied on, and the license required to be obtained by every person who sells by sample card, &c., who is not a resident merchant, mechanic or manufacturer. And the information alleges that the defendant) who was not at the time a resident merchant, &c., did by sample, card, &c., offer to sell, wines, &c., without having first obtained the license therefor required by law. And the last clause of section 101 of this act, (Sess. acts 1870-71, p. 99,) declares that any person who shall sell or offer- to sell, in violation of this act (it is not limited to the section,) shall pay a fine of not less than $200 dollars, nor more than $500 for each offence. The court is therefore of opinion that the averments of the information clearly charge an offence against the statute.
But it is contended that the statute is unconstitutional and void, or that provision of section 101 thereof, which prohibits “ any person or persons, not residents of the State, to sell or offer to sell,” &c., “ by sample,” &c., “ without first having obtained a license therefor,” because it is repugnant to Art. 1, § 8, of the constitution of the United States, which gives Congress the power “ to regulate commerce with foreign nations, and among the several States, and with the Indian tribesand also to ai’t. IY, § 2, which declares that “the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States.”
It seems to have been the intention of the legislature to have inhibited such sales by sample, &c., by any person who was not a resident merchant, mechanic or manufacturer, whether he was a resident citizen of this State or not. And the effect of .this act would be the same if *938 the words, “ not residents of the State,” were stricken from this clause of section 101. But the court is of opinion that the question as to the constitutionality of this clause in the statute, is not raised by the pleadings in the record. It is no where avered in the infoi’mat-ion, or otherwise shown in the record, that the plaintiff in error was not a resident citizen oi Virginia, and that this prosecution was instituted against him as such nonresident. It is avered that he is not a resident merchant, &e. But that is not tantamount to an everment that he was not a resident citizen ; Bor he might have been a resident citizen, though not a resident merchant, &c. And whether he was or was not a resident citizen of Virginia, he was prohibited from selling or offering ■to sell by sample, without license, unless he was a resident merchant, &c., and was alike punishable for the infraction, whether a resident citizen or not. But even if this were not so, and this provision of section 101 of the act aforesaid, was unconstitutional, it does not appear upon the record, that the plaintiff in error has cause to complain of it, or that he has been aggrieved by the decision, in as much as. it does not appear from the record that he was not a resident citizen of Virginia. And it is well settled that a statute must be assumed to-be constitutional and valid, “until some one complains, whose rights it invades,” as held by this court in the recent cases of Wright, Sheriff, &c., v. Smith, and Antoni v. Wright, Sheriff, &c., 22 Gratt. 833; citing Cooly on Constitutional Limitations, p. 1634.
But the appellant states in his petition that he was not a resident citizen of Virginia. Taking the fact to be as stated, and that it so appeared from the informar tion, the court is of opinion, that there was no ei’ror in the judgment of the court below overruling the demurrer, upon the ground that the act of Assembly under, which *939 the plaintiff’ in error was prosecuted is not in conflict with the constitution of the United States. Upon a fair construction of the said act, there is no discrimination in favor of a citizen of this State. The word “ residents,” as used in connection with the words “merchant, mechanic or manufacturer,” was not intended to import a personal residence, but only the “place of business.” And this we think is implied by the phraseology itself; but is more clearly shown by section 147 of this same chapter, under the head of “Licenses:' to whom granted; which provides that “ A license may be granted to any citizen of this State; to any person entitled to the privileges and immunities of a citizen thereof; (which embraces the citizens of any of the United States,) to any person residing in the State; to any firm or company having a place of business in the State, and doing business thereat; to any corporation created by this State, or any of the United States,” &c.; so that a citizen of any of the United States has the same privilege of obtaining a license under this act, that a citizen of this State has; and as we have seen, is liable only to the same penalty that a citizen of the State is liable to, for selling or offering to sell by sample, without license. It is also evident that the act aforesaid is purely a revenue law, and not designed to regulate commerce; and is plainly not in conflict with the clause of the Federal constitution, which invests Congress with power “ to regulate commerce with foreign nations, and among the several States and with the Indian tribes.” It can not beperceived how a tax upon business, which does not discriminate as to the residence or citizenship of the person, who is engaged in the business and subject to the tax, can be a regulation of commerce. The court is of opinion, therefore, that the act aforesaid is not unconstitutional, and that *940 there is no error in the judgment of the court below overruling the demurrer, and that the same be affirmed.
Judgment appirmed.